NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DAVID PALMER, | |
| Plaintiff, | Civ. No. 14-5457 |
| v. | OPINION |
| BRITTON INDUSTRIES, INC., | |
| Defendant. | |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter is before the Court upon a Motion for Summary Judgment from Defendant Britton Industries, Inc. ("Defendant"). (ECF No. 33). Plaintiff David Palmer ("Plaintiff") opposes this Motion. (ECF No. 36). The Court has decided the Motion based on the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, Defendant's Motion is granted, and Plaintiff's Complaint is dismissed.

## BACKGROUND

Plaintiff brings age discrimination claims under the Age Discrimination In Employment Act, 29 U.S.C. § 623(a)(1), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12. Defendant is a company that supplies mulch and landscaping materials to landscape contractors, garden centers and municipalities in central New Jersey and Pennsylvania. Defendant hired Plaintiff in February 2014 to sell Defendant's products to municipalities in a newly created Municipal Account Manager position. Plaintiff was 63 years old at the time, and had decades of experience selling

1

heavy machinery to municipalities.  Plaintiff alleges that he told Defendant's CEO Jim Britton that he would need about a year to cultivate his contracts and ramp up sales. Plaintiff's salary was set at $70,000, and it was agreed that after one year his performance would re-evaluated.  Plaintiff alleges that he was not given a sales quota, which Defendant disputes.

Plaintiff started working on February 12, 2014.  On April 9, 2014, Plaintiff met with Defendant's General Manager, James Mangarella.  Mr. Mangarella told Plaintiff he was unhappy that Plaintiff had not been making as many sales as expected.  Mr. Mangarella explained to Plaintiff that two other recently hired salesmen, ages 55 and 66, were outselling him.  Plaintiff alleges that Mr. Mangarella also said, "maybe you're too old to change industries."  (Dep. of Pl. 225, ECF No. 36-2).  Mr. Mangarella denies making this statement.  Six days later, Plaintiff was fired by CEO Jim Britton.  Plaintiff alleges that he was terminated "because of my age and a total lack of understanding on Mr. Mangarella's part of the business that they hired me to do."  (*Id.* at 276).  After Plaintiff's termination, his duties were split up amongst four salesmen, who were 42, 55, 58, and 66 years old, respectively.  (Def.'s Statement of Facts ¶ 79, ECF No. 33-2; admitted in Pl.'s Resp. to Def.'s Statement of Facts 7, ECF No. 36).

Defendant alleges that their "busy season" starts in March each year, and that in 2013 their annual municipal sales totaled $1,895,170.22.  (Def.'s Statement of Facts 2, 11, ECF No. 33-2).  Defendant alleges that when Mr. Britton hired Plaintiff, he believed that Plaintiff could exploit his existing municipal contacts and start selling immediately. (*Id.* at 5).  Defendant claims that during the two months that Plaintiff worked for Defendant, Plaintiff sold only $1,186.01 in product to new customers.  (*Id.* at 11).

2

Defendant states that Mr. Britton made the decision to fire Plaintiff due to his insufficient sales.  (*Id.* at 10).

Plaintiff filed the present Complaint on August 29, 2014.  (ECF No. 1).  It sets forth two wrongful termination claims, one under the federal Age Discrimination in Employment Act, and one under New Jersey's Law Against Discrimination.  (*Id.*).  On October 9, 2015, Defendant filed the present Motion for Summary Judgement.  (ECF No. 33).  District Judge Peter G. Sheridan heard oral argument on this Motion on November 16, 2015, and then recused himself on November 25, 2015.  (ECF Nos. 38, 39).  The case was transferred to Senior District Judge Anne E. Thompson, who decided this Motion on the papers.

<u>LEGAL STANDARD</u>

Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In deciding a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion."  Fed. R. Civ. P. 56(c); *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotations omitted).  In resolving a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986).  More precisely, summary judgment should be granted if the evidence available

would not support a jury verdict in favor of the nonmoving party. *Id.* at 248-49. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322.

<u>DISCUSSION</u>

The Age Discrimination in Employment Act ("ADEA") prohibits employment discrimination "because of the individual's age" when the individual is at least 40 years old. 29 U.S.C. § 623(a)(1). The New Jersey Law Against Discrimination ("NJLAD") makes it unlawful "[f]or an employer, because of the . . . age . . . of any individual . . . to refuse to discharge or require to retire, unless justified by lawful considerations other than" age. N.J.S.A. § 10:5-12(a). The Third Circuit treats the analysis of ADEA claims and the analysis of NJLAD age discrimination claims identically. *Kelly v. Moser, Patterson and Sheridan, LLP*, 348 F. App'x 746, 747 n.2 (3d Cir. 2009). Therefore this Court will decide both of Plaintiff's claims under an ADEA analysis.

Under the ADEA, a plaintiff alleging disparate treatment "must prove, by a preponderance of the evidence, that age was the 'but for' cause of the challenged adverse employment action." *Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167, 180 (2009). Age must be the "determinative" factor in the employer's decision, not merely a secondary consideration. *Kelly*, 348 App'x at 749, 751. This burden remains with the plaintiff at all times. *Id.* at 649 n.6 (noting that the burden-shifting *Price Waterhouse* framework does not apply to cases under the ADEA).

Plaintiffs may carry their burden by showing direct evidence of age discrimination. Direct evidence is "evidence sufficient to allow the jury to find that 'the

decision makers placed substantial negative reliance on [the plaintiff's age] in reaching their decision' to fire him." *Connors v. Chrysler Fin. Corp.*, 160 F.3d 971, 976 (3d Cir. 1998) (quoting *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989)). If the plaintiff is unable to carry his burden with direct evidence, courts follow the standard established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Smith v. City of Allentown*, 589 F.3d 684, 691 (3d Cir. 2009). When the *McDonnell Douglas* framework is applied to an ADEA case, the plaintiff first must establish a *prima facie* case of age discrimination by demonstrating that: (1) the plaintiff was forty years of age or older, (2) the defendant took an adverse employment action against him, (3) the plaintiff was qualified for his position, and (4) the plaintiff was ultimately replaced by an employee who was sufficiently younger than him such that an inference of discriminatory animus is supported. *Smith*, 589 F.3d at 689. If the plaintiff can establish a *prima facie* case, then the burden shifts to the employer to provide a legitimate, non-discriminatory justification for the employment action. *Id.* at 691. If the employer succeeds at this stage, then the burden then shifts back to the plaintiff. The plaintiff must next offer evidence so that a factfinder could reasonably infer that the employer's justification is only a pretext for discrimination. *Id.* To demonstrate pretext, the plaintiff cannot simply show that "the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." *Kautz v. Met-Pro Corp.*, 412 F.3d 463, 467 (3d Cir. 2005) (quoting *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994)). If the plaintiff provides sufficient evidence of pretext that a reasonable factfinder could infer that

discriminatory animus truly motivated the defendant's actions, then the plaintiff can defeat a motion for summary judgment.  *Id.*

Plaintiff has not presented sufficient "direct evidence" to demonstrate age discrimination.  The only direct evidence proffered by Plaintiff is Mr. Mangarella's alleged comment to him: "maybe you're too old to change industries."  (Dep. of Pl. 225, ECF No. 36-2).  This single comment does not show that Mr. Mangarella or Mr. Britton "placed substantial negative reliance," *Connors*, 160 F.3d at 976, on Plaintiff's age when deciding to fire him.  The comment occurred in a conversation about Plaintiff's lack of sales, where Mr. Mangarella spoke favorably about a 66 year-old salesman because of his ability to make sales.  (Dep. of Pl. 224, ECF No. 36-2).  The direct evidence bar is a "high hurdle," *Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 513 (3d Cir. 1997), and Plaintiff cannot meet it.  Therefore the Court will next examine Plaintiff's claims under the *McDonnell Douglas* framework.

Defendant does not seriously dispute that Plaintiff has established the first three parts of a *prima facie* case of age discrimination.  (Def.'s Mot. Summ. J. 6, ECF No. 33-1 (solely taking issue with the fourth prong)).  (*But see* Def.'s Reply Br. 7, ECF No. 37 (including one paragraph to dispute Plaintiff's qualifications)).  The Court finds that Plaintiff has shown (1) he was over 40 years of age, and therefore a member of the protected class, (2) Plaintiff's decades of experience as a salesman qualified him for his position, and (3) Plaintiff suffered an adverse employment action.  The parties disagree sharply on if Plaintiff has established the fourth element of his *prima facie* case.

Both parties characterize the fourth element as requiring that the adverse employment action occur under circumstances raising an inference of discriminatory

action.  (Def.'s Mot. Summ. J. 5, ECF No. 33-1; Pl.'s Mem. Opp'n 9, ECF No. 36-1).

While the parties provide valid citations for this formulation, it is a more general

formulation used frequently in the Title VII context.  *See, e.g.*, *Pivrotto v. Innovative*

*Systems, Inc.*, 191 F.3d 344, 356 (3d Cir. 1999).  The Third Circuit has consistently

characterized the fourth element of an ADEA *prima facie* case as requiring "that the

plaintiff was ultimately replaced by another employee who was sufficiently younger to

support an inference of discriminatory animus."  *Smith*, 589 F.3d at 689 (citing *Potence v.*

*Hazleton Area Sch. Dist.*, 357 F.3d 366, 370 (3d Cir.2004); s*ee also Duffy v. Paper*

*Magic Group, Inc.*, 265 F.3d 163, 167 (3d Cir.2001) (fourth element is "his or her

replacement was sufficiently younger to permit a reasonable inference of age

discrimination."); *Showalter v. Univ. of Pittsburgh Med. Ctr.*, 190 F.3d 231, 234 (3d Cir.

1999) (fourth element is "the plaintiff was replaced by a sufficiently younger person to

create an inference of age discrimination") (quoting *Keller v. Orix Credit Alliance, Inc.*,

130 F.3d 1101, 1108 (3d Cir.1997)).  While Plaintiff need not prove he was replaced by

someone outside his protected class (someone under 40 years old), he does need to show

that his replacements were "sufficiently younger" to create an inference of age

discrimination.  *Pivirotto*, 191 F.3d at 354-55; *Showalter*, 190 F.3d at 236.

Defendant states that Plaintiff's duties were split up amongst four salesmen, who

were 42, 55, 58, and 66 years old, respectively.  (Def.'s Statement of Facts ¶ 79, ECF No.

33-2).  Plaintiff admits this statement as true.  (Pl.'s Resp. to Def.'s Statement of Facts 7,

ECF No. 36).  Taking Plaintiff's replacements all together, they are on average 8 years

younger than Plaintiff.  While there is no specific age difference that must be shown, this

8 year difference alone could potentially satisfy the fourth element of Plaintiff's *prima*

*facie* case. *Sempier v. Johnson & Higgins*, 45 F.3d 724, 729-30 (3d Cir. 1995) (holding that the fourth element was "clearly" satisfied when plaintiff was replaced by two individuals, whose combined average age was 9 years younger than the plaintiff). However, there are several factors that weigh against finding that Plaintiff's replacements were sufficiently younger to raise an inference of age discrimination.  First, the replacements were not hired to replace Plaintiff, they were simply the "then-existing outside sales force," suggesting there was no deliberate selection of younger employees, or indeed any deliberate selection at all.  (Def.'s Interrog. Resp. ¶ 8, ECF No. 33-8). Second, one of the replacements was 66 years-old, three years older than Plaintiff. Lastly, the 66 year-old salesman was one of the two salesmen Mr. Mangarella held up as a positive example during his meeting with Plaintiff, and that salesman is still employed by Defendant today.  (Dep. of Pl. 224, ECF No. 36-2; Def.'s Statement of Facts ¶ 81, ECF No. 33-2).  Therefore, despite the age difference between Plaintiff and his replacements, it is doubtful if a factfinder could reasonably find that the replacement salesmen were sufficiently younger as to give rise to an inference of age discrimination, meaning that Plaintiff would fail to make his *prima facie* case.

However, even if Plaintiff were able to make a *prima facie* case, Defendant offers a non-discriminatory justification for its actions, which Plaintiff fails to demonstrate is merely a pretext, as required by the *McDonnell Douglas* framework.  Defendant states that Plaintiff's total sales were only $1,186.01 to new customers in the two months he was employed, and that Plaintiff was fired for his insufficient sales.  (Def.'s Statement of Facts 9-11, ECF No. 33-2).  Plaintiff acknowledges that when he went out to potential customers, he did not go out with the intention to make a sale, but rather just to "get an

update as to whether I should continue calling on them or not." (Dep. of Pl. 185, ECF No. 36-2). Plaintiff does not dispute that other salesmen were outselling him, nor does he assert that younger salesmen were treated more favorably then he was. Plaintiff additionally concedes that his sales performance was part of the reason he was fired, stating that he was terminated "because of my age and a total lack of understanding on Mr. Mangarella's part of the business that they hired me to do." (*Id.* at 276).

Whether or not it was reasonable for Mr. Mangarella and Mr. Britton to expect Plaintiff to make sales right away is irrelevant. *Fuentes*, 32 F.3d at 765 (noting that establishing pretext is about whether discriminatory animus motivated the employer, not whether the employer was wise or even competent). Both Plaintiff's and Defendant's statements demonstrate that Defendant was dissatisfied with Plaintiff's sales performance. To show that Defendant's justification for Plaintiff's termination was pretextual, Plaintiff would have to provide evidence such that a reasonable factfinder could find Defendant's justification "unworthy of credence." *Anderson v. Wachovia Mortgage Corp.*, 621 F.3d 261, 277 (3d Cir. 2010) (quoting *Fuentes*, 32 F.3d at 765). This is virtually an impossible argument for Plaintiff to make, given that he himself gives credence to Defendant's justification.

In his brief, Plaintiff argues that Defendant's explanation is merely a pretext for discrimination based on: (1) Mr. Mangarella's alleged comment that Plaintiff may be too old to switch industries, and (2) inconsistencies about Plaintiff's sales quota, how much "ramp-up" time he was going to be given to make sales, and who made the decision to fire Plaintiff. (Pl.'s Mem. Opp'n 16-24, ECF No. 36-1). On Plaintiff's first point, Mr. Mangarella's comment is simply an insufficient basis for a reasonable factfinder to

9

discredit Defendant's justification, particularly because it was made in the context of a discussion about Plaintiff's low sales.  The cases Plaintiff discusses to support this argument all feature defendants who made numerous age-related remarks, or defendants who made one remark that could be coupled with other evidence of discrimination.  (*Id.* at 18-20).  Mr. Mangarella's remark standing alone is not analogous to these cases.

Plaintiff's second argument, that certain inconsistencies show that Defendant's justification is a pretext, is similarly unpersuasive.  First, while there are inconsistencies about whether Plaintiff had a quota or not, Defendant does not assert that Plaintiff was fired for failing to meet a quota.  Second, it is a stretch to call Defendant's comments about Plaintiff's "ramp-up" time inconsistent.  Defendant's Reply Brief highlights Mr. Britton's and Mr. Mangarella's comments which show they expected Plaintiff to take a year to achieve his goal of establishing a territory, but that they expected him to start by making some sales and ramp up over time.  (Def.'s Reply Br. 10, ECF No. 37).  This does not appear to be too far from Plaintiff's own understanding, which was that it would take Plaintiff approximately a year to get a municipal division up and running to the point where it was profitable.  (Dep. of Pl. 151-52, ECF No. 36-2).

Third, on the subject of who made the termination decision, both Defendant's Statement of Facts and Defendant's response to Plaintiff's interrogatories state that Mr. Britton terminated Plaintiff after Mr. Mangarella recommended that Plaintiff be terminated.  (Def.'s Statement of Facts ¶¶ 64-66, ECF No. 33-2; Def.'s Interrog. Resp. ¶ 50, ECF No. 33-8).  These statements are inconsistent with a portion of Mr. Britton's deposition, where Mr. Britton stated that he did not think Mr. Mangarella had made a recommendation to terminate Plaintiff.  (Dep. of Jim Britton 64, ECF No. 33-6).

10

However, when asked why he terminated Plaintiff, Mr. Britton cited Plaintiff's lack of sales, just as Mr. Mangarella had.  (*Id.*; Dep. of James Mangarella 78-79, ECF No. 33-7). For a lack of consistency to throw doubt on a defendant's justification for terminating a plaintiff, the lack of consistency must go to the explanation for why the plaintiff was terminated.  *Zelinski v. Pennsylvania State Police*, 108 F. App'x 700, 707 (3d Cir. 2004) (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000)).

Lastly, it is worth noting that Plaintiff was 63 when he was hired, and 63 when he was fired two months later.  Courts in New Jersey have held that when an employee is both hired and fired while in the ADEA's protected class, it is highly unlikely that age discrimination motivated the employer's decision.  *Estate of Fajge v. Dick Greenfield Dodge, Inc.*, No. 11-4527, 2012 WL 2339723, at *8 (D.N.J. June 18, 2012); *Young v. Hobart West Group,* 897 A.2d 1063, 1070 (N.J. Super. Ct. App. Div. 2005).  While this rule may not apply well to a plaintiff who was 41 when he was hired and 71 when he was fired, it applies very well to Plaintiff.  It is difficult to imagine an employer who hires three salesmen aged 55, 63, and 66, all within a few weeks of one another, (Def.'s Interrog. Resp. ¶ 8, ECF No. 33-8), and then fires only the 63-year old two months later because of a discriminatory animus toward Plaintiff's age.

Viewing the evidence in the light most favorable to Plaintiff, Plaintiff has failed to demonstrate that a factfinder could reasonably infer that Defendant's justification for firing Plaintiff was merely pretextual.  Plaintiff has therefore failed to carry his burden under the *McDonnell Douglas* framework, and failed to show that a factfinder could reasonably find that age discrimination was the but-for cause of his termination.  *See Gross*, 557 U.S. at 177-78.

<u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion for Summary Judgment will be granted.  An appropriate order will follow.


 _/s/ Anne E. Thompson_
ANNE E. THOMPSON, U.S.D.J.